# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STATE OF OHIO, ex rel. MICHAEL DEWINE, OHIO ATTORNEY GENERAL, 30 East Broad St., 25th Floor Columbus, Ohio 43215<br><br>and<br><br>Cleveland-Cuyahoga County Port Authority,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br><br>Defendants. | CASE NO. 1:16-cv-2328<br><br>JUDGE DONALD C. NUGENT<br><br><br><br><br><br><br><br>**Stipulation and Order** |

WHEREAS Plaintiffs allege in the Complaint that Defendants have violated applicable law or regulations in making an administrative determination that open-lake placement of dredged material in 2016 from the upper sixth mile of the Cuyahoga River Channel (the "Channel") is suitable;

WHEREAS, on September 22, 2016, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 6-1;

WHEREAS, to avoid further litigation regarding the Motion for Temporary Restraining Order and expeditiously dredge Cleveland Harbor, including the Channel, Plaintiffs and Defendants entered a stipulation which was entered as a Court order on October 5, 2016, providing, among other things, terms upon which Plaintiffs would reimburse the Corps for additional costs required for confined disposal facility placement of dredged materials in the

event that the Corps ultimately prevailed on the merits of the suit or if Plaintiffs withdraw the suit such that no merits determination is obtained;

WHEREAS, the Corps awarded a contract in 2016 to implement the stipulation and Court order[1];

WHEREAS, the Corps is negotiating a modification of its contract for 2016 dredging of Cleveland Harbor to provide that the contractor may dredge up to an additional 100,000 cubic yards of dredged material from the Channel;

WHEREAS, Plaintiffs and Defendants wish to provide for the potential reimbursement of the Corps for the additional costs required for confided disposal facility placement of such additional dredged material on similar terms as those provided by the October 5, 2016, stipulation and order; and

WHEREAS, Plaintiffs and Defendants wish to avoid litigation regarding this contract modification and the disposition of this dredged material, and to expeditiously dredge Cleveland Harbor.

NOW, THEREFORE, through their undersigned counsel, Plaintiffs and Defendants hereby stipulate and agree to an Order as follows:

1. Should the Corps enter into a modification of the 2016 contract that provides for additional dredging of the Channel and disposal of the dredged material in a confined disposal facility, the Corps shall initially advance the funds for such additional dredging, including the amounts required for placement of all dredged material in a confined disposal facility.

2. If the Corps ultimately prevails on the merits of the suit or if Plaintiffs withdraw this suit such that no merits determination is obtained, Plaintiff State of Ohio shall reimburse the Corps the costs documented as the additional costs required for confined disposal facility placement of such additional dredged materials from the Channel that is greater than the amount required for open Lake placement of these dredged materials.

3. For purposes of this Stipulation and Order, the Plaintiffs and Defendants will apply the

---

[1] That 2016 contract was subsequently modified that contract to provide an optional work period.

"wrongfully enjoined" standard consistent with the standard of Fed. R. Civ. Proc. 65(c) to determine whether "the Corps prevails on the merits of the suit" following a final non-appealable order; however, there shall be no requirement for the State to post any security as required by that rule.

4.   In the event that the Plaintiffs and Defendants disagree as to whether the Corps has ultimately prevailed on the merits of the suit, either party may petition the Court for such a determination and the Court shall retain jurisdiction as necessary to resolve this dispute.  If the Plaintiffs are ultimately required to reimburse the additional costs but dispute the Corps' calculation of the additional costs and that dispute cannot be resolved by the Parties, either Party may petition the Court to resolve the dispute.  The Plaintiffs reserve the right to review the Corps' documentation and calculation of any additional costs in the event of such a dispute.

5.   This Stipulation and Order is entered solely to govern the terms of any potential reimbursement of the additional costs required for confined disposal facility placement of dredged materials associated with the modification of the 2016 contract. This Stipulation does not represent an admission by any Party to any fact, claim, or defense concerning any issue in this or any other litigation.

6.   This Stipulation has no precedential value and shall not be used as evidence by either Defendants or Plaintiffs in this litigation or any other litigation except as necessary to enforce the terms of this Stipulation and Order.

7.   This Stipulation represents the entirety of the Parties' commitments with respect to such additional dredging and disposal associated with the modification of the 2016 contract.

**IT IS HEREBY AGREED.**

Dated: 5/11/17

JEFFREY H. WOOD

Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/ Benjamin R. Carlisle*
BENJAMIN R. CARLISLE
*/s/ Reuben Schifman*

REUBEN SCHIFMAN
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20004
(202) 305-4224 - Schifman
(202) 514-9771 - Carlisle
(202) 514-8865 - Facsimile
Reuben.schifman@usdoj.gov
Benjamin.carlisle@usdoj.gov

ALAN D. GREENBERG
U.S. Department of Justice
Environmental Defense Section
999 18th Street, Suite 370
Denver, Colorado  80202
Phone: (303) 844-1366
Fax: (303) 844-1350
E-mail:  alan.greenberg@usdoj.gov

DAVID SIERLEJA
Acting United States Attorney
Northern District of Ohio

Erin E. Brizius (#0091364)
Assistant United States Attorneys
801 West Superior Avenue, Suite 400
Cleveland, OH  44113
(216) 622-3670 – Brizius
 (216) 522-4982 - Facsimile
erin.e.brizius2@usdoj.gov

Dated: 5/11/17

**MICHAEL DeWINE**
**OHIO ATTORNEY GENERAL**

*s/ Dale T. Vitale*_____
DALE T. VITALE (0021754)
JANEAN R. WEBER (0083960)
RICHARD N. COGLIANESE (0066830)
Assistant Attorneys General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215-3400
Telephone:  (614) 466-2766
Facsimile:  (614) 644-1926

Dale.Vitale@OhioAttorneyGeneral.gov
David.Emerman@OhioAttorneyGeneral.gov
Janean.Weber@OhioAttorneyGeneral.gov
elsreview@OhioAttorneyGeneral.gov

*Counsel for Plaintiff, State of Ohio*

*s/ Louis L. McMahon*_____
**LOUIS L. McMAHON (0067378)**
KEELY J. O'BRYAN (0071438)
MCMAHON DEGULIS LLP
The Caxton Building
812 Huron Road E, Suite 650
Cleveland, Ohio 44115
Telephone: (216) 621-1312
Facsimile: (216) 621-0577
mcmahon@mdllp.net
obryan@mdllp.net

C*ounsel for Plaintiff,*
*Cleveland-Cuyahoga County Port Authority*

**IT IS SO ORDERED.**

_____
**DONALD C. NUGENT**
United States District Judge

**DATE**_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Stipulation and Order was filed this 11th day of May 2017, through the ECF filing system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

*s/ Benjamin R. Carlisle*
BENJAMIN R. CARLISLE